United States District Court
Southern District of Texas
**ENTERED**
July 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAWRENCE CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00103 |
| | § | |
| ARANSAS PASS POLICE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Lawrence Cruz is a Texas inmate appearing *pro se* and *in forma pauperis* in this prisoner civil rights action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For purposes of screening under 28 U.S.C. § 1915A(b)(1), the undersigned respectfully recommends: (1) Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim, and alternatively (2) that Plaintiff's case be **DISMISSED with prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure because Plaintiff has failed to comply with Court orders.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

1 / 9

## II.     PROCEDURAL BACKGROUND

Proceeding *pro se* and *in forma pauperis*, on May 9, 2014, Plaintiff filed his original complaint generally asserting claims arising in connection with his multiple arrests and detentions and alleged theft of funds and deprivation of property related to FEMA monetary relief.  (D.E. 1).  Plaintiff was not in custody at the time of his filing the original complaint.  Suing the Aransas Pass Police, Sgt. Aron Jones, Officer Garrison, Officer Avila and Officer A. Cruz in their official capacities, he seeks monetary relief.  Plaintiff has since been arrested and is currently incarcerated as of July 1, 2022.  (D.E. 10 and D.E. 11).

On May 9, 2022, Plaintiff was granted leave to proceed *in forma pauperis*.  (D.E. 2).  An evidentiary hearing was held on May 18, 2022 before the undersigned.  The undersigned informed Plaintiff, both at the hearing and in an order the same day, that his complaint contained unclear allegations and legal arguments, making it difficult for the Court to evaluate and screen his claims.  (D.E. 7).  Specifically, the undersigned stated that "it is difficult to ascertain the specific claims Plaintiff seeks to bring against each individual Defendant."  (D.E. 7, Page 1).  Therefore, Plaintiff was given until June 20, 2022 to file an Amended Complaint and was warned that this was his "opportunity to plead his best case" and was "cautioned the Court likely will not allow further substantive amendments."  (D.E. 7, Page 2).  Further, Plaintiff was warned that the Court would consider only those claims listed in his Amended Complaint, that he must include a basis for this Court's jurisdiction according to the Federal Rules of Civil Procedure and that he should answer specific questions in a specific format regarding each named defendant.  (D.E. 7, Page 3 and D.E.

8, Pages 17-18 and 21). Specifically, the undersigned included instructions directing Plaintiff to individually list each defendant he sought to sue in this action, explain what each defendant did to violate his rights, provide specific facts to support each claim, explain when the events occurred and how Plaintiff was harmed, and list the specific remedies as to each defendant. (D.E. 7, Pages 2-3). Additionally, Plaintiff was cautioned that his original complaint was deficient and was further cautioned that the failure to comply with the undersigned's May 18, 2022 Order may result in the dismissal of this action for want of prosecution and failure to comply with Court orders. (D.E. 7, Page 3). Also, at the hearing, the undersigned identified several defects with Plaintiff's current complaint, specifically that there were no dates or times, no jurisdiction was identified and the harm each defendant caused was not alleged. Plaintiff was then further advised to consult Rule 8 of the Federal Rules of Civil Procedure. (D.E. 8, Pages 14-19 and 25-26).

On June 14, 2022, Plaintiff filed a document titled Amended Complaint. (D.E. 9). Plaintiff wholly failed to comply with the undersigned's May 18, 2022 order (D.E. 7) regarding correcting the deficiencies in his pleadings. In his Amended Complaint (D.E. 9), Plaintiff again presented his claims in a confusing and haphazard fashion and he has failed to correct the many deficiencies identified in his original complaint.

Plaintiff's claims cannot be summarized with any clarity because they are simply incoherent. However, the undersigned will attempt to decipher Plaintiff's allegations. With respect to the defendants named in the Amended Complaint, Plaintiff alleges in a conclusory manner that certain Aransas Pass police officers committed acts of false arrest,

theft of property, refusal to perform their official duties and unlawful arrest without stating

which defendants committed which acts and providing very few specific dates or details.

(D.E. 9).  Plaintiff attached to his Amended Complaint 32 pages of material, including

police reports indicating a protective order had been issued *against* Plaintiff, which he

violated.  (D.E. 9-1, Pages 1-6).  The undersigned is not aware if this protective order

remains active but the police reports indicate Plaintiff is not allowed near the residence of

211 N. Arch Street in Aransas Pass, Texas, which Plaintiff originally listed as his mailing

address in this case prior to his current incarceration.  (D.E. 1-4 and D.E. 9-1, Page 5).

Plaintiff also attaches several complaints he made to FEMA and to the Aransas Pass Police

Department regarding FEMA funds being stolen.  (D.E. 9-1, Pages 7-9).  Further, Plaintiff

submits state court documents indicating Plaintiff was incarcerated on several occasions

and placed on community supervision.  (D.E. 9-1, Pages 22-24 and 26-29).  Only July 5,

2022, the Court received two letters from Plaintiff postmarked July 1, 2022 that he was

now incarcerated.  (D.E. 10 and D.E. 11).  It appears Plaintiff claims he has an ownership

interest in the residence of 211 N. Arch Street in Aransas Pass but local law enforcement

authorities do not recognize his right to possession of that property.  This disagreement

appears to have resulted in Plaintiff having legal problems of a civil and criminal nature.

## III.  SCREENING

The undersigned has permitted Plaintiff to proceed *in forma pauperis* ("IFP") and

therefore, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which

imposes a screening responsibility on the district court when the plaintiff has been granted

IFP status.[1]  That section provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is legally frivolous under § 1915 when it is based on an "indisputably meritless legal theory."  *Id.* at 327.  A court may dismiss a complaint as frivolous if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992).  A claim is factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (quoting *Denton*, 504 U.S. at 33-34).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level.  *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  Plaintiffs must state enough facts to "nudge[] their

---

[1]Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Emp't Opportunity Comm'n*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)). The undersigned notes that Plaintiff is currently incarcerated.  Because Plaintiff is proceeding *in forma pauperis*, Plaintiff's case is subject to 1915 screening, whether he is in custody or a civilian.

claims across the line from conceivable to plausible." *Id.* In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted). Further, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to prevent dismissal for failure to state a claim. *Fernandez-Montez*, 987 F.2d at 284. The complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Dismissal is appropriate "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Newsome*, 301 F.3d at 231 (citation omitted).

Plaintiff has failed to allege any facts that would indicate he has any plausible claim for relief. His pleadings are confusing and unintelligible. He has been given the opportunity to amend and has been given clear instructions to correct his pleading deficiencies. Therefore, the undersigned **RECOMMENDS** Plaintiff's claims be dismissed for failing to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable

and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

## IV.    FAILURE TO COMPLY WITH COURT ORDERS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any Court order. *Francois v. City of Grenta*, 668 F. App'x 574, 575 (5th Cir. 2016) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (other citations omitted)). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing  *Boudwin v. Graystone Ins. Co. Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citation omitted)). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely to whether the Court's discretion was abused. *Id.*; *Butler v. Endeavor Air, Inc.*, 805 F. App'x 274, 277 (5th Cir. 2020).

By failing to address the deficiencies identified in his original complaint, Plaintiff's amended complaint fails to comply with the instructions provided to him in the undersigned's May 18, 2022 Order and at the May 18, 2022 hearing. He has not clearly identified the defendants he seeks to sue, set forth his supporting allegations with specificity and clarity, explained in any coherent sense how the defendants violated his rights, or stated the specific relief he seeks as to each defendant named. Plaintiff was previously warned in the May 18, 2022 Order that this action may be dismissed for failure

to comply with Court orders.  Plaintiff's unwillingness to comply with the undersigned's May 18, 2022 Order and the undersigned's instructions at the May 18, 2022 hearing in any meaningful way is sufficient reason not to allow Plaintiff further leave to amend.  Dismissal is therefore warranted under these circumstances as well.

## V.     CONCLUSION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim, and alternatively (2) that Plaintiff's case be **DISMISSED with prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure because Plaintiff has failed to comply with this Court's May 18, 2022 Order pursuant to Federal Rule of Civil Procedure 41(b).

ORDERED on July 7, 2022.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).